UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANA DEVONNE WILLIS,<br><br>          Plaintiff,<br><br>v.<br><br>ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY<br><br>          Defendant. | Case No. 20-10304<br>Honorable Laurie J. Michelson<br>Magistrate Judge Kimberly G. Altman |

**ORDER ADOPTING REPORT AND RECOMMENDATION [17], GRANTING IN PART MOTIONS FOR SUMMARY JUDGMENT [13][15], AND REMANDING THE CASE**

Plaintiff Dana Willis filed this action under 42 U.S.C. §§ 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income benefits. Willis and the Commissioner filed cross-motions for summary judgement. (ECF Nos. 13, 15.) Before the Court is Magistrate Judge Kimberly Altman's Report and Recommendation recommending that each motion be granted in part and denied in part, and further recommending that this case be remanded to the Commissioner for issuance of a decision that rectifies the ambiguity in the administrative law judge's residual function capacity finding and any error flowing therefrom. (ECF No. 17.)

At the conclusion of her February 17, 2021 Report and Recommendation, Magistrate Judge Altman notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 17, PageID.389.) Neither party has filed an objection.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts her recommended disposition. (ECF No. 17.)

Accordingly, the Court GRANTS IN PART and DENIES IN PART Willis' motion for summary judgment (ECF No. 13), GRANTS IN PART and DENIES IN PART Defendant's cross-motion for summary judgment (ECF No. 15), and REMANDS this matter to the Commissioner under sentence four of section 205(g) of the Social Security Act for issuance of a decision that rectifies the ambiguity in the ALJ's description and analysis of Willis' residual functional capacity and any error flowing therefrom.

SO ORDERED.

Dated: March 10, 2021

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE